DOWNEY, Judge.
Chalfonte Condominium Apartment Association filed its complaint as a class action against Chalfonte Development Corporation, the developer of the condominium property, David D. Gilman and Gail E. Gil-man, as lessors of the property subject to a recreational lease, Sidney T. Bogardus, Thomas P. Coogan, George H. Brown, Jr., Clement H. Darby and George G. Loveless, as Trustees of Builders Investment Group, the holder of a mortgage on the recreational lease property, and Emile Van Den Bosch, a judgment creditor. The complaint (a) seeks damages against the developer for various breaches of contract, and (b) seeks declaratory injunctive and reformative relief regarding the recreational lease. Upon the filing of the complaint, the condominium association obtained an ex parte order dated October 13, 1976, authorizing it to deposit the sum of $71,190.00 into the registry of the court, subject to the right of the defendants in the case to move for withdrawal of said sums as prescribed by law. The Gilmans moved to set aside the October 13th order on the grounds, among others, that (a) the appellants had not been served with process, (b) that the order was entered ex parte and (c) that the statute relied upon (Section 711.63(4), Florida Statutes (1975)) is unconstitutional. The trial court denied said motion by order dated November 18, 1976, but specifically provided therein that it had not passed upon the constitutionality of Section 711.63(4). Additionally, the appellants’ motion was denied “without prejudice to their raising constitutional claims at an appropriate time in this litigation.”
Appellants timely perfected interlocutory appeals from the two mentioned orders, which appeals, have been consolidated.
Appellants first complain that the order of October 13th was entered ex parte and thus was error. However, we fail to find any error demonstrated with regard to the entry of said order, albeit ex parte, since Section 711.63(4), Florida Statutes (1975), requires unit owners initiating action of the type involved here to pay into the registry of the court any rent which has or may accrue during the pendency of the litigation. The penalty for failure to do so is a waiver of the unit owner’s defenses. It would appear that the only reason for an order is that the Clerk of the Circuit Court will not accept money in the registry of the court without a court order.
With regard to the order of November 18th, the trial court refused to vacate the prior order authorizing payment into the registry of the court; we find no error demonstrated in that regard. The trial court specifically stated in the order of November 18th that it was not ruling upon the constitutional question raised by appellants’ motion, but that it would do so at an appro *907 priate time. Accordingly, the points raised by appellants (all of which are based on the unconstitutionality of Section 711.63(4), Florida Statutes (1975)) are directed to questions which are presently pending before the trial court but upon which the trial court has not yet ruled.
In view of the foregoing, we find the orders appealed from should be affirmed. However, on remand the trial court should proceed, as soon as possible, to a determination of the questions raised by appellants’ attack on the constitutionality of Section 711.63(4), Florida Statutes (1975). In addition, of course, if appellants choose to move for a disbursement of all or any part of the funds in the registry of the court, then, pursuant to Section 711.63(4), the trial court should hold an evidentiary hearing on such a motion.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.