KLEIN, J.
Appellant Florida Discount is the lessor of a condominium long-term recreational facility lease. Appellee Windemere Condominium Association is the lessee and is obligated to collect rent and pay monthly rent to Florida Discount. Florida Discount sued Windemere for payment of unpaid rent and filed a motion for an order requiring the rent payments to be made into the court registry pursuant to section 718.401(l)(d)l, Florida Statutes (1997). Florida Discount appeals the denial of that non-final order under Florida Rule of Appellate Procedure 9.130(3)(c)(ii). We reverse.
Section 718.401(l)(d)l provides in part:
In any action by the lessor to enforce a lien for rent payable or in any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner or the association may raise any issue or interpose any defense, legal or equitable, that he or she or it may have with respect to the lessor’s obligations under the lease. If the unit owner or the association initiates any action or interposes any defense other than payment of rent under the lease, the unit owner or the association shall, upon service of process upon the lessor, pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, tvhen due. If the unit owner or the association fails to pay the rent into the registry of the court, the failure constitutes an absolute waiver of the unit owner’s or association’s defenses other than payment, and the lessor is entitled to default, [emphasis added]
The trial court, concluding that there was a presumption that this lease is unconscionable under section 718.122, Florida *1086 Statutes, denied the motion to deposit the rents with the court.
In Cenvill Investors, Inc. v. Condominium Owners Organization of Century Village East, Inc., 556 So.2d 1197 (Fla. 4th DCA 1990), we concluded that the statute applied in a dispute between the condominium association and the lessor regarding the lessor’s obligations under the lease. We find that the statute also applies to the dispute in the present case, and that the statutory use of the word “shall,” along with the language describing the consequences of failure to pay rent, makes the deposit with the court mandatory. See also Gilman v. Chalfonte Condo. Ass’n, Inc., 353 So.2d 905 (Fla. 4th DCA 1977); Pomponio v. Claridge of Pompano Condo., Inc., 378 So.2d 774 (Fla.1979). We therefore reverse.
GUNTHER and TAYLOR, JJ., concur.